UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE LUIS URBINA LAMUS (A#246-040-847)

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-07691-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that Petitioner is a native and citizen of Venezuela who entered the United States on September 25, 2022 without an immigrant visa. ECF No. 5 at 4 (I-213 Form). Border Patrol initially released him conditional parole. ECF No. 7 at 4. Then, on November 8, 2022, Immigration and Customs Enforcement ("ICE") officials in Dallas, Texas processed him and released him on his own recognizance after serving him with a NTA administratively charging him for being present without admission. Id. He has no criminal record and no administratively final order of removal. ECF No. 5 at 7-8.

////

ICE re-detained Petitioner on July 31, 2026 after a local law enforcement officer in Texas stopped his vehicle for "traveling in the passing lane." ECF No. 7 at 4. Upon being detained, he requested a custody redetermination hearing before an immigration judge pursuant to Section 236 of the Immigration and Nationality Act. ECF No. 5 at 13 (Notice of Custody Determination Form). But there is nothing in the record indicating that Petitioner actually received that hearing. Petitioner is currently detained at the California City Detention Facility located in this judicial district.

In his § 2241 application, Petitioner challenges his detention as a violation of due process. ECF No. 1 at 12. Respondent concedes that "Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. July 30, 2026), holds § 1226(a) governs Petitioner's detention" while still maintaining their argument that Petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A). ECF No. 5 at 1.

The undisputed record in this case demonstrates that Petitioner was released by Border Patrol in 2022, premised upon either an explicit or implicit finding that he was not dangerous or a flight risk. While on release, petitioner did not commit any crimes and complied with conditions of release. Petitioner does not have an order of removal.

The District Judge assigned to this case has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. See Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Based on this authority viewed in

light of the undisputed record in this case, the undersigned finds that petitioner's Fifth Amendment right to procedural due process was violated by his re-detention. He is therefore entitled to habeas relief in the form of his immediate release from immigration custody.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted.

2. Respondent be ordered to immediately release Petitioner JORGE LUIS URBINA LAMUS (A#246-040-847) from their custody and to return all of Petitioner's documents and possessions at the time of release.

3. Respondent be directed to file a notice certifying compliance with the above provisions within three (3) days from the date of any final order requiring release.

4. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

5. The final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

6. The Clerk of Court be directed to:

a. Serve a copy of any release order on the California City Detention Facility; and,

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE